UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN PETERSON and LUCILLE PETERSON, Plaintiffs, | ) | Case No. 4:26-cv-00537-JSD |
| v. | ) | JURY TRIAL DEMANDED |
| DEBORAH JEAN TOMICH DAIBER; JANE ELLEN TOMICH; and TOMICH LAW FIRM, LLC, Defendants. | ) | |

**Reply Supporting Limited Sealing**

1 Lucille Peterson, self-represented and solely for herself, replies to ECF 37 under ECF 34. She requests limited, item-specific consideration of Exhibits 2, 12, 15 and 16, with a short directed cure if the existing record is insufficient. She does not seek a sealed action or sealed complaint.

**Receipt and compliance are separate**

2 ECF 35, PageID 642-43, is an inventory bearing a September 28 receipt stamp and identifying six media files. Plaintiff reports a mailed package that included a restricted memorandum and selected materials. The stamped inventory alone does

not prove all enclosures, restricted docketing or court acceptance. ECF 37′s observation that no supporting memorandum appears publicly does not resolve whether a restricted memorandum was accepted. The Court should determine the existing record and direct any missing submission.

3 The September 17 statement that a memorandum was separately submitted is not proof of a same-day restricted filing. Rule 13.05(A)(4)(b) separately requires the sealed supporting memorandum and complete subject items with the public motion; subsection (c) requires public redactions or a specific sealed explanation within three business days. The subsection (c) step was not completed by September 22 according to Plaintiff's account. The concurrent Rule 6 motion asks relief for any late or missing subsection (b) item as well as (c), an item-by-item intake report and a directed cure. This reply does not itself complete those submissions or establish excusable neglect.

4 On September 18 at 10:28 a.m., the shared Peterson account asked the Clerk′s self-represented filing address how to submit protected audio and video; the separately reproduced correspondence supports that inquiry. It was a request for guidance, not an extension or affirmative advice, and does not by itself prove that no answer followed. The accompanying personal declaration requires Lucille′s actual account-history verification. Supporting memorandum and correspondence, files 22 and 17.

**Governing access standard**

5 An existing protection must be kept separate from the relief now requested. ECF 5, PageID 102-03, sealed ECF 4 and its exhibits, directed protection of Plaintiffs′ residential addresses, and required a litigation mailing address. This reply does not seek to undo that order. The public contact address is the designated litigation mailing address shown on the October 13 docket. ECF 5 did not grant blanket protection for every school, family or medical reference, or prospectively seal Exhibits 2, 12, 15 and 16. Those additional restrictions still require the particular showing under Rule 13.05.

6 The presumption of public access depends on the material′s role in adjudication and must be balanced against specific interests with narrower alternatives considered. IDT Corp. v. eBay, 709 F.3d 1220, 1222-24 (8th Cir. 2013); Flynt v. Lombardi, 885 F.3d 508, 511-13 (8th Cir. 2018). Flynt′s execution-records setting does not make all medical or family records sealable. Webster Groves School District v. Pulitzer Publishing Co., 898 F.2d 1371, 1375-77 (8th Cir. 1990), involved sensitive minor records; Lucille′s current adulthood prevents reliance on minority alone. Particular privacy and safety concerns must be established, not presumed.

7 Rule 13.05 requires the general public motion, specific restricted justification and complete item, and timely public redaction or a specific restricted explanation of inability. A confidentiality designation is not enough. Rule 5.2(d)-(e) permits protective measures as ordered; it does not eliminate the local showing. General

concern about distress, family conflict, faces or voices cannot substitute for precise segments, lines, reasons and alternatives.

**Narrow treatment of each category**

8 Exhibit 2: The full engagement recording is distinct from the selected public transcript. Already public words do not become secret because speaker labels are corrected. Only additional specifically justified segments could warrant protection. A public excerpt or withdrawal of an unnecessary segment is preferable to an unsupported whole-file seal.

9 Exhibit 12: Four police-response recordings concern the April 3 encounter. Any requested restriction should identify file, start and end time, exact nonpublic location, third-person or sensitive content, the threatened harm and whether a transcript, muting, blurring or shorter excerpt suffices. No representation is made here that every frame has been shown to warrant restriction.

10 ECF 37 states that counsel reviewed items I and II and seeks denial for failure of proof. PageID 651-52. Plaintiff does not treat that position, or counsel's statement about an inability to assess the access presumption, as consent to sealing any item. The burden remains hers to supply the particular showing.

11 Exhibit 15: The selected deposition is text and permits page-and-line review. Any sensitive passage should be assessed separately, with a public redacted version where feasible. The selected restricted deposition is distinct from the separate

public appendix; neither the inventory nor a label proves proper submission of the other.

12 Exhibit 16: The transport video should receive the same segment-specific assessment. The proposed public pleading can describe the event and timing limitations without placing an entire sensitive recording on the public docket. Plaintiff does not assert that audiovisual material is inherently unredactable.

**Requested relief**

13 Plaintiff requests item-specific consideration after the Court determines intake. If a necessary subsection (b) or (c) submission was late, missing or not accepted, she requests Rule 6 relief and seven days after the directed intake/route notice to tender the required memorandum, complete items and public redactions or specific inability explanation. Defendants may respond as directed. Plaintiff states plainly that the requested cure period does not itself supply the item-specific showing Rule 13.05 requires. No restriction should be granted on this reply alone. What is asked is the opportunity to make that showing item by item, segment by segment, after the Court determines what was received. Alternatively, denial should be without prejudice to a compliant renewed request. Preserve Rule 13.05(A)(4)(g)'s fourteen-day stay and withdrawal opportunity and any applicable appeal-related stay. Withdrawal of a sealing request is distinct from withdrawing the evidence; Plaintiff does not assert that either has already occurred.

Respectfully submitted,

Lucille Peterson, self-represented, solely for herself
4600 SW 34th Street, Box 141041, Gainesville, FL 32614
Telephone: 314-995-8786 | Email: spetersonandlpeterson@gmail.com
Date: 10/16/2026

**Certificate of Service**

I certify that on 10/16/2026, I served a true copy of this document and its accompanying attachments by United States mail, first-class postage prepaid, on Peter J. Dunne, Pitzer Snodgrass, P.C., 100 South Fourth Street, Suite 400, St. Louis, Missouri 63102-1821, attorney for Defendants.

Lucille Peterson, self-represented, solely for herself
4600 SW 34th Street, Box 141041, Gainesville, FL 32614
Telephone: 314-995-8786
Email: spetersonandlpeterson@gmail.com