UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN PETERSON and LUCILLE PETERSON,<br>Plaintiffs,<br><br>v.<br><br>DEBORAH JEAN TOMICH DAIBER;<br>JANE ELLEN TOMICH; and<br>TOMICH LAW FIRM, LLC,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:26-cv-00537-JSD<br><br>JURY TRIAL DEMANDED |

**Motion for Extension to Cure Local Rule 13.05 Submission**

1 Plaintiff Lucille Peterson, self-represented and solely for herself, moves under Fed. R. Civ. P. 6(b)(1)(B) for relief from any expired deadline for the sealed memorandum and complete subject items required by Local Rule 13.05(A)(4)(b)(i)-(ii), and for the public redactions or specific sealed inability explanation required by subsection (c). She also requests an item-by-item report of the September intake and an authorized route for any missing material. She proposes seven days after written notice under the requested order identifying the missing items and permitted route to complete the directed submission. The

accompanying separate memorandum supplies support for the extension and intake directions. This motion does not extend ECF 34's October 16 reply deadline or itself complete a restricted filing.

2 ECF No. 32 was filed September 17, 2026. Plaintiff understands that Local Rule 13.05(A)(4) required a public redacted copy or a specific sealed explanation of inability within three business days, by September 22. She did not complete that step by then. At that time she did not know that this separate redacted-copy or explanation step was required. On September 18 she emailed the Clerk's self-represented litigant address asking how to submit protected audio and video materials, which had been prepared for USPS delivery, and asking for guidance. The email was received, but she received no response to that inquiry before the deadline. She waited for guidance rather than tendering the separate redacted versions or inability explanation. She does not claim that the Clerk granted an extension or that an email inquiry itself suspended the rule. The concurrent Rule 6 Supporting Correspondence and Lucille Declaration supplies selected documentary support and a declaration for this account. The Clerk's 10:02 a.m. acknowledgement concerned a missing motion attachment and preceded the protected-material question sent at 10:28 a.m.; it is not a response granting time or advice on restricted submission.

3 Plaintiff reports that the later mailed package included a restricted memorandum and materials. ECF 35, PageID 642-43, is a September 28 receipt-stamped inventory identifying six media files. It establishes receipt of the inventory; it does not independently establish the contents of the package, docketing of a memorandum, or acceptance under seal. Plaintiff requests a directed cure rather than a finding of completed compliance.

4 Plaintiff asks the Court to direct the Clerk to report whether the claimed restricted memorandum, selected deposition Exhibit 15, notice, Court USB and inventory were received and how each was processed. This is a request to determine the record, not an itemized sworn contents declaration; the exact contents and tracking-to-package link require personal verification. If no supporting memorandum or complete item was accepted with the motion, Plaintiff requests leave to submit it within the same directed seven-day period without treating ECF 35 as proof of prior sealed filing. Supporting memorandum, declaration and selected correspondence accompany this request.

5 Rule 6(b)(1)(B) requires excusable neglect after expiration. Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993), supplies the equitable factors in a bankruptcy-rule setting: prejudice, delay and impact, reason including control, and good faith. Gibbons v. United States, 317 F.3d 852, 854 (8th Cir. 2003), applies the framework to an appeal deadline and

warns that ignorance of rules ordinarily does not excuse failure. Neither case decides this local-rule cure. Here the period from September 22 to October 16 is 24 days. Plaintiff relies on the described September 18 inquiry and subsequent tender as evidence of efforts and good faith, not affirmative misadvice or an extension. Learning and complying with the separate step remained her responsibility; that factor weighs against relief. She requests only seven days under court direction. Defendants may respond; concrete litigation prejudice and the public-access delay must be weighed, rather than assumed absent. Plaintiff asks the Court to find that the total circumstances justify the limited cure despite the weakness of ignorance as an excuse.

6 Plaintiff requests: (1) a Clerk report identifying receipt, docket/access status and any missing subsection (b) materials; (2) enlargement of any expired subsection (b)(i), (b)(ii) and (c) deadlines upon the requested excusable-neglect finding; (3) seven days after written notice under the order identifying the missing items and authorized submission route to tender the memorandum, complete items and public redactions or specific inability explanation; (4) maintenance of any existing restriction pending decision and the applicable stay/withdrawal period; and (5) an appropriate defense response opportunity. She does not claim the inventory completed these requirements, that prejudice is necessarily absent, or that any requested relief has already been granted.

Respectfully submitted,

________________________________________

Lucille Peterson, self-represented, solely for herself
4600 SW 34th Street, Box 141041, Gainesville, FL 32614
Telephone: 314-995-8786 | Email: spetersonandlpeterson@gmail.com

Date: 10/16/2026

Certificate of Service

I certify that on 10/16/2026, I served a true copy of this document and its accompanying attachments by United States mail, first-class postage prepaid, on Peter J. Dunne, Pitzer Snodgrass, P.C., 100 South Fourth Street, Suite 400, St. Louis, Missouri 63102-1821, attorney for Defendants.

________________________________________

Lucille Peterson, self-represented, solely for herself
4600 SW 34th Street, Box 141041, Gainesville, FL 32614
Telephone: 314-995-8786
Email: spetersonandlpeterson@gmail.com