UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN PETERSON and LUCILLE PETERSON,<br>Plaintiffs, | ) | Case No. 4:26-cv-00537-JSD |
| v. | ) | JURY TRIAL DEMANDED |
| DEBORAH JEAN TOMICH DAIBER;<br>JANE ELLEN TOMICH; and<br>TOMICH LAW FIRM, LLC,<br>Defendants. | ) | |

**Memorandum Supporting Rule 6 Relief and Intake Directions**

1 Lucille submits this memorandum under Local Rule 4.01(A) supporting the concurrent motion for Rule 6 relief and itemized intake directions. ECF 32 remains pending; ECF 34 fixes the reply date but does not establish receipt or restricted acceptance of all claimed submissions.

2 Local Rule 13.05(A)(4)(b)(i)-(ii) requires a sealed supporting memorandum and complete subject items with the public motion. Subsection (c) separately requires public redactions or a specific sealed inability explanation within three business days. ECF 35 records receipt of an inventory. It does not resolve whether the

memorandum, deposition selection, notice or media was accepted. The requested report distinguishes locating an existing tender from making any needed late replacement. Public route and restricted route must remain separate.

3 Rule 6(b)(1)(B) requires excusable neglect for expired deadlines. Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993), supplies the equitable framework in a bankruptcy setting. Gibbons v. United States, 317 F.3d 852, 854 (8th Cir. 2003), applies that framework to an appellate deadline and warns that ignorance ordinarily does not excuse failure. Neither decides this local cure. The motion addresses the 24-day period from September 22 to October 16, reason/control, good faith, delay effects and possible prejudice without assuming that any factor is established merely by filing this request.

4 The September 18 correspondence shows a protected-media inquiry at 10:28 a.m.; the 10:02 a.m. acknowledgment preceded it and concerned a missing attachment. The inquiry is evidence of an effort to obtain guidance, not an extension, affirmative misadvice or proof of no later reply. Lucille's proposed declaration requires personal account review. See declaration 16 and separately reproduced Exhibit A 17. Any claimed package contents or tracking link likewise must rest on actual personal knowledge.

5 Plaintiff requests relief for any missing or late subsection (b) memorandum or complete item as well as subsection (c), followed by seven days after written notice under the requested order identifying missing items and the authorized route. The report and limited period allow the Court to address actual defects and permit a fair defense response. This motion does not ask the Court to presume zero prejudice, grant permanent sealing, deem a public inventory a sealed memorandum, or change the October 16 reply deadline. The requested procedural order leaves the access merits for an item-specific showing.

Respectfully submitted,

______________________________

Lucille Peterson, self-represented, solely for herself
4600 SW 34th Street, Box 141041, Gainesville, FL 32614
Telephone: 314-995-8786 | Email: spetersonandlpeterson@gmail.com
Date: 10/16/2026

**Certificate of Service**

I certify that on 10/16/2026, I served a true copy of this document and its accompanying attachments by United States mail, first-class postage prepaid, on Peter J. Dunne, Pitzer Snodgrass, P.C., 100 South Fourth Street, Suite 400, St. Louis, Missouri 63102-1821, attorney for Defendants.

______________________________

Lucille Peterson, self-represented, solely for herself
4600 SW 34th Street, Box 141041, Gainesville, FL 32614
Telephone: 314-995-8786
Email: spetersonandlpeterson@gmail.com